[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13609
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-00008-WLS-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMON DESHAWN BROWN,
a.k.a. Raymon D. Brown,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(August 15, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Ramon D. Brown appeals his conviction and 360-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  Brown raises three issues on appeal.  We affirm Brown's conviction and sentence.

First, Brown argues the district court erred by admitting Rule 404(b) evidence.  Brown does not contend that the evidence was inadmissible, only that he failed to receive reasonable pre-trial notice from the prosecution.  *See* Fed. R. Evid. 404(b)(2).  We review a district court's evidentiary rulings, including a ruling on Rule 404(b)'s notice requirement, for an abuse of discretion.  *United States v. Bradley*, 644 F.3d 1213, 1270 (11th Cir. 2011), *cert. denied*, (U.S. May 14, 2012) (No. 11-862); *United States v. Carrasco*, 381 F.3d 1237, 1240 (11th Cir. 2004).  Determining the reasonableness of pre-trial notice requires consideration of three factors:  "(1) [w]hen the [g]overnment, through timely preparation for trial, could have learned of the availability of the [evidence]; (2)[t]he extent of prejudice to the opponent of the evidence from a lack of time to prepare; and (3)[h]ow significant the evidence is to the prosecution's case."  *United States v. Perez-Tosta*, 36 F.3d 1552, 1562 (11th Cir. 1994).  Prejudice to the defendant is the most important of these factors.   *Id.* at 1562.

2

Here, Brown knew of the evidence prior to voir dire, Brown's counsel proffered it to the district court, and Brown objected to admitting the evidence. However, Brown failed to request a continuance before the district court, or even allege any prejudice from the timing of the prosecution's notice. Because Brown received reasonable pre-trial notice, the district court did not abuse its discretion by admitting the evidence. *See id.* at 1560-63 & n.7. (finding notice minutes before voir dire to be reasonable pre-trial notice).

Second, Brown argues the evidence presented by the Government was insufficient to support his conviction. "We review the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the government and accepting all reasonable inferences in favor of the verdict." *United States v. Tagg*, 572 F.3d 1320, 1323 (11th Cir. 2009) (quotation omitted). Because Brown did not move for a judgment of acquittal in the district court, "we may reverse [his] conviction only to prevent a manifest miscarriage of justice," which requires us to find that "the evidence on a key element of the offense is so tenuous that a conviction would be shocking." *Id.* (quotation omitted).

To establish a violation of 18 U.S.C. § 922(g)(1), the government must prove three elements: (1) the defendant was a convicted felon, (2) the defendant was in knowing possession of a firearm, and (3) the firearm was in or affecting

3

interstate commerce. *United States v. Beckles*, 565 F.3d 832, 841 (11th Cir. 2009). The government "need not prove actual possession in order to establish knowing possession; it need only show constructive possession through direct or circumstantial evidence." *Id.* Constructive possession exists when the defendant exercises "ownership, dominion, or control over the item" or has the power and intent to exercise dominion or control. *Id.*

Here, Brown stipulated to being a convicted felon. On the day of his arrest, Brown fled from law enforcement while carrying a burgundy bag. During his flight, Brown dropped the bag. Officers recovered the bag, finding a loaded gun inside. Brown's flight and subsequent abandonment of the bag demonstrate that he knew the contents of the bag. Further, Heather Brown testified that she saw Brown two weeks prior to his arrest holding a gun "similar" to the one found in the burgundy bag. Finally, ATF agents testified that the gun functioned, and had moved in interstate commerce. Because ample evidence supports each element of the charged offense, Brown's conviction was not a manifest miscarriage of justice.

Finally, Brown argues the sentencing court erred by imposing an upward departure[1] pursuant to U.S.S.G. § 4A1.3, and by failing to consider all relevant 18

---

[1] The record is unclear whether the district court departed or varied from the advisory guideline range. When uncertainty exists as to whether the district court applied a departure or variance, this Court considers: (1) whether the district court referenced a particular guideline

U.S.C. § 3553(a) factors.  We review sentencing decisions for abuse of discretion. *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009).  A sentence must be both procedurally and substantively reasonable.  *Id.* at 1237.  Procedural reasonableness means that a district court correctly applied the guidelines, considered the § 3553(a) factors, relied on facts that are not clearly erroneous, and adequately explained the chosen sentence.  *See id.*  A district court need not discuss each § 3553(a) factor individually. *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009).  Rather, the court need only acknowledge that it has considered the defendant's arguments and the § 3553(a) factors.  *Id.*  A sentence is substantively unreasonable "if it does not achieve the purposes of sentencing stated in § 3553(a)."  *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation omitted).  The party challenging the sentence carries the burden of establishing unreasonableness.  *United States v. McBride*, 511 F.3d 1293, 1297 (11th Cir. 2007).

Under U.S.S.G. § 4A1.3, a district court may depart from the sentencing range "[i]f reliable information indicates that the defendant's criminal history

---

departure provision, and (2) whether the court based its decision on a belief that the guidelines were not adequate.  *United States v. Kapordelis*, 569 F.3d 1291, 1316 (11th Cir. 2009).  Because the district court cited U.S.S.G. § 4A1.3(a), and its decision was consistent with that guideline provision, we conclude that the district court imposed an upward departure.  *See Kapordelis*, 569 F.3d at 1316.

category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(a)(1). "[T]he nature of the prior offenses rather than simply their number is often more indicative of the seriousness of the defendant's criminal record." *Id.* § 4A1.3 cmt. n. 2(B). When a defendant is already in criminal history category VI, the court may make an upward departure by moving incrementally to a higher offense level that it finds appropriate. *Id.* § 4A1.3(a)(4)(B). A court need not explicitly discuss its reasons for bypassing each offense level. *See United States v. Dixon*, 71 F.3d 380, 383 (11th Cir. 1995). "Rather, the magnitude of these upward departures will be reviewed for reasonableness, based on findings by the district court as to (1) why the extent and nature of the defendant's criminal history warrants an upward departure from category VI, and (2) why the sentencing range within which the defendant is sentenced is appropriate to the case." *Id.* The reasonableness of a departure must be assessed in light of the § 3553(a) factors and the reasons given by the district court for the departure. *United States v. Winingear*, 422 F.3d 1241, 1246 (11th Cir. 2005).

Here, the district court did not abuse its discretion by imposing an upward departure because the record supports its finding that Brown's criminal history category significantly understated both the seriousness of his criminal history and

6

the likelihood that he will commit other crimes. *See* U.S.S.G. § 4A1.3(a)(1). Brown has committed six armed robberies, each by using a firearm. Brown has been convicted of causing a riot in a penal institution, and of exposing himself to a female correctional officer. The district court properly considered the seriousness of Brown's criminal history and reasonably concluded that a four-level departure was necessary.

In addition, the district court expressly stated that Brown's 360-month sentence complied with the § 3553(a) factors, and it extensively addressed several of those factors in detail. The district court examined the nature and circumstances of the offense, noting that when Brown was apprehended, he was wearing all black and had been carrying a black ski mask, black gloves, and a loaded firearm. The district court observed that these facts indicated Brown was engaged in or attempting to engage in another armed robbery. The district court further noted that Brown's criminal history indicated he had "zero respect" for the law. Accordingly, the district court did not abuse its discretion by imposing the upward departure, and Brown's resulting 360 month-sentence was reasonable.

**AFFIRMED.**

7